UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:13-cv-1171 KJN P |
| Plaintiff, | |
| v. | ORDER |
| GUFFEE, et al., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On June 24, 2013, this court informed plaintiff that, due to his status as a "three strikes" litigant, pursuant to 28 U.S.C. § 1915(g), he is precluded from proceeding in forma pauperis in this action unless the complaint demonstrates that plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. (See ECF No. 3.) Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

1    The imminent danger exception applies only if it is clear that the danger existed when the
2    complaint was filed. <u>Andrews</u>, <u>supra</u>, 493 F.3d at 1053, 1055.  The court is required to assess the
3    relevant circumstances and conditions at the time the complaint was filed, to determine "whether
4    the complaint, as a whole, alleges imminent danger of serious physical injury." <u>Id.</u> (citation and
5    internal quotation marks omitted).  Moreover, the danger must be ongoing to meet the imminence
6    requirement. <u>Andrews</u>, 493 F.3d at 1056.  "[A] prisoner who alleges that prison officials continue
7    with a practice that has injured him or others similarly situated in the past will satisfy the
8    'ongoing danger' standard and meet the imminence prong of the three-strikes exception." <u>Id.</u> at
9    1056–57. The alleged imminent danger must be real and proximate.  <u>Ciarpaglini v. Saini</u>, 352
10   F.3d 328, 330 (7th Cir. 2003).  Allegations that are overly speculative or fanciful may be rejected.
11   <u>Andrews</u>, 493 F.3d at 1057 n.11.

12   Plaintiff's complaint contains two claims.  First, plaintiff alleges that prison kitchen staff
13   fail to maintain sanitary conditions; they allegedly don't wear hair nets, allowing their hair and
14   sweat to fall into the food, and let flies and gnats land on the food.  Plaintiff asserts that "[s]ince
15   2011, I've had to file numerous 602 complaints against guards Gruffee, Low, Cruz, Brewer,
16   Hernandez, Brown and D. Crawford, for serving food under unsanitary conditions."  (ECF No. 1
17   at 4.)  Plaintiff alleges that, when he complained, staff retaliated against him by "purposely
18   do[ing] the opposite."  (Id.)  Plaintiff contends that "[t]o deny me basic sanitary conditions on
19   purpose is a clear violation of my 8th amendment right which covers sanitation and a 1st
20   amendment right prohibiting retaliation.  I've even gotten sick."  (<u>Id.</u>)

21   Plaintiff's second claim is that prison custodial staff have failed to honor a medical chrono
22   authorizing plaintiff to have a new pillow to ease the pain of his cervical spondylosis.  Plaintiff
23   alleges that, although, "[o]n September 6, 2011, nurse Joyce gave the guards G. Low and his co-
24   horts on 2nd watch Gruffee, Cruz, Brown, Brewer, Hernandez and Crawford a medical chrono
25   (medical directive) while they sat in their office doing nothing around 9 am; it stated I be given a
26   new pillow.  To keep my head and neck aligned and limit the pain and slow the worsening of the
27   ////
28   ////

condition." (ECF No. 1 at 5.) The complaint further alleges (id.):

> In retaliating for the filing of 602's, writing Capt. Carter and the [A]ss. Warden about them[,] [t]hey refused to give me a pillow nor a copy of the chrono, like they were suppose[d] to do. In fact, they've not even mentioned the chrono or pillow to me. They all know about plaintiff's chronic, excruciating and debilitating pain, I've told them and reminded them many times. Nonetheless, they're clearly shown (sic) deliberate indifference to plaintiff's serious medical need and the wanton infliction of pain. They all seek to cause me harm @ every opprotunity (sic). And the condition has worsened a lot.

Neither of plaintiff's claims demonstrate that plaintiff was in imminent danger of physical injury when he filed his complaint, or that he is now at such risk. Plaintiff's claim that his food is prepared and served in unsanitary conditions, which previously caused plaintiff to become ill, does not demonstrate "serious physical injury." 28 U.S.C. § 1915(g). Similarly, plaintiff's claim that he continues to be denied a pillow authorized two years ago, which causes plaintiff's condition to "worsen a lot," fails to demonstrate an imminent risk of serious physical injury. Plaintiff's allegations that these conditions are perpetuated by the named defendants, in retaliation against plaintiff for pursuing the challenged matters administratively, do not add any urgency to plaintiff's alleged injuries or alleged risk of further injury.

The failure of plaintiff to demonstrate imminent risk of serious physical injury at the time he filed his complaint requires that he be denied in forma pauperis status in pursing this action. Accordingly, plaintiff must pay the $350.00 filing fee before this action can proceed on the merits of the complaint, pursuant to the court's preliminary screening under 28 U.S.C. § 1915A.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7), is denied;

2. Plaintiff shall, within thirty days after service of this order, submit the full filing fee ($350.00) for pursuing a prisoner civil rights action; and

////

////

////

////

3

3.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

SO ORDERED.

Dated:  August 7, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

morr1171.3strks