1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LEON E. MORRIS,                              No.  2:13-cv-1171 TLN KJN P

12                   Plaintiff,

13           v.

14    GUFFEE, et al.,                              ORDER

15                   Defendant.

16

17    I. <u>Reconsideration of Three Strikes Finding</u>

18           Plaintiff moves for reconsideration of this court's order, filed August 7, 2013 (ECF No.

19    8), which found that plaintiff was precluded from proceeding in forma pauperis in this action

20    under the "three strikes" criteria set forth in 28 U.S.C. §1915(g).  Section 1915(g) precludes in

21    forma pauperis status to any prisoner who "has, on 3 or more prior occasions, while incarcerated

22    or detained in any facility, brought an action or appeal in a court of the United States that was

23    dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

24    may be granted, unless the prisoner is under imminent danger of serious physical injury."  28

25    U.S.C. §1915(g).  The undersigned relied on prior findings in this court that plaintiff had filed

26    three or more actions that were dismissed because frivolous, malicious or failed to state a

27    cognizable claim, and found that plaintiff had failed to demonstrate that he met the imminent

28    danger exception when he filed the complaint.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055 (9th

1   Cir. 2007).  The court denied plaintiff's motion to proceed in forma pauperis, and directed

2   plaintiff to pay the full filing fee.

3          Plaintiff responded with a "motion for reconsideration," which includes a copy of an order

4   filed by District Judge Karlton, on July 5, 2013, in Morris v. Daly, Case No. 2:12-cv-02845 LKK

5   JFM P (E.D. Cal.) (ECF No. 12).  In that case, Judge Karlton reversed the court's earlier denials

6   of plaintiff's in forma pauperis application, on the ground that the "three strikes" finding in

7   Morris v. Woodford, Case No. 3:07-cv-4198 MJJ (N.D. Cal.) (ECF No. 7), on which the court

8   had relied, was error in light of subsequent Ninth Circuit precedent.

9          Judge Karlton examined the reasons for dismissal in each of the three cases cited by the

10  court in Morris v. Woodford.  The first case, Morris v. Duncan, Case No. C 02-0928 MJJ (PR)

11  (N.D. Cal.), was dismissed for failure to state a cognizable claim for relief, which Judge Karlton

12  agreed satisfies the "three strikes" criteria.  However, in the second case, Morris v. Silvers, Case

13  No. C 98-1381 BTM (LAB) (S.D. Cal.), which was dismissed on Younger abstention and

14  ripeness grounds, Judge Karlton relied on subsequent Ninth Circuit authority holding that

15  dismissal for lack of subject matter jurisdiction is not a "strike."  See Moore v. Maricopa County

16  Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011) ("[W]e conclude that Congress intended for

17  the three-strikes rule to count 12(b)(6) dismissals but not 12(b)(1) dismissals.").  Similarly, in the

18  third case, Morris v. Lushia, No. C 00-55330 (9th Cir. Mar. 27, 2000) (see Case No. 99-cv-0068

19  TJW (S.D. Cal.) (ECF No. 72)), which was dismissed because the order challenged was not final

20  or appealable, Judge Karlton relied on subsequent Ninth Circuit authority that a dismissal "'must

21  be final before it counts as a "strike" for § 1915(g) purposes'" (quoting Silva v. Di Vittorio, 658

22  F.3d 1090, 1098-99 (9th Cir. 2011)).

23         Pursuant to these findings, Judge Karlton concluded as follows:  "In sum, having

24  reevaluated Morris v. Woodford, supra, in light of subsequent Ninth Circuit precedent, the court

25  determines that it erred in finding that plaintiff had "struck out" under 28 U.S.C. § 1915(g)."

26  (Case No. 2:12-cv-02845 LKK JFM P (ECF No. 12 at 3).)  Judge Karlton requested that the

27  magistrate judge reconsider plaintiff's motion to proceed in forma pauperis, which the magistrate

28  judge granted by order filed September 30, 2013.  (Id., ECF No. 13.)

1       The instant case relied on another case within this court that found plaintiff barred by the

2   "three strikes" rule.  On December 11, 2012, in Morris v. Jennings, Case 2:12-cv-02240 GEB

3   CKD P (ECF No. 11), the magistrate judge found that plaintiff met the preclusive criteria of 28

4   U.S.C. § 1915(g).  (See id., ECF No. 3 at 2.)   Morris v. Jennings, like Morris v. Daly, relied on

5   the "three strikes" finding in Morris v. Woodford, Case No. 3:07-cv-4198 MJJ.  However, in

6   contrast to Judge Karlton's analysis in Morris v. Daly, triggered by a motion for reconsideration,

7   the magistrate judge in Morris v. Jennings noted parenthetically on screening that she had

8   "reviewed the cases identified as 'strikes' by the Northern District [in Morris v. Woodford] and

9   finds that the determination that those cases do constitute strikes is not inconsistent with current

10  Ninth Circuit authority."  Morris v. Jennings, Case 2:12-cv-02240 GEB CKD P (ECF No. 11 at 2

11  n.2).)

12      Nevertheless, this court defers to the analysis of Judge Karlton, albeit in another of

13  plaintiff's cases.  As a result, this court vacates its "three strikes" finding in the instant case, and

14  assesses the substance of plaintiff's in forma pauperis application and complaint.

15  II.  In Forma Pauperis Application

16      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

17  1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

18      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

19  1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

20  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

21  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

22  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

23  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

24  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

25  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

26  1915(b)(2).

27      The complaint states a potentially cognizable claim for relief pursuant to 42 U.S.C. § 1983

28  and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff has a

1   reasonable opportunity to prevail on the merits of this action.

2   III.  Screening of Complaint

3       A.  Allegations

4       Plaintiff's complaint contains two claims.   First, plaintiff alleges that prison kitchen staff

5   fail to maintain sanitary conditions; they allegedly don't wear hair nets, allowing their hair and

6   sweat to fall into the food, and let flies and gnats land on the food.  Plaintiff asserts that "[s]ince

7   2011, I've had to file numerous 602 complaints against guards Gruffee, Low, Cruz, Brewer,

8   Hernandez, Brown and D. Crawford, for serving food under unsanitary conditions."  (ECF No. 1

9   at 4.)  Plaintiff alleges that, when he complained, staff retaliated against him by "purposely

10  do[ing] the opposite."  (Id.)  Plaintiff contends that "[t]o deny me basic sanitary conditions on

11  purpose is a clear violation of my 8th amendment right which covers sanitation and a 1st

12  amendment right prohibiting retaliation.  I've even gotten sick."  (Id.)  Pursuant to these

13  allegations, plaintiff asserts First and Eighth Amendment claims against the seven named

14  correctional officers.

15      Plaintiff's second claim is that the same seven defendants failed to honor a medical

16  chrono authorizing plaintiff to a cervical pillow.  Plaintiff alleges that, although, "[o]n September

17  6, 2011, nurse Joyce gave the guards G. Low and his co-horts on 2nd watch Gruffee, Cruz,

18  Brown, Brewer, Hernandez and Crawford a medical chrono (medical directive) while they sat in

19  their office doing nothing around 9 am; it stated I be given a new pillow.  To keep my head and

20  neck aligned and limit the pain and slow the worsening of the condition." (ECF No. 1 at 5.)  The

21  complaint further alleges (id.):

22          In retaliating for the filing of 602's, writing Capt. Carter and the
            [A]ss. Warden about them[,] [t]hey refused to give me a pillow nor
23          a copy of the chrono, like they were suppose[d] to do. In fact,
            they've not even mentioned the chrono or pillow to me.  They all
24          know about plaintiff's chronic, excruciating and debilitating pain,
            I've told them and reminded them many times.   Nonetheless,
25          they're clearly shown (sic) deliberate indifference to plaintiff's
            serious medical need and the wanton infliction of pain. They all
26          seek to cause me harm @ every opprotunity (sic).   And the
            condition has worsened a lot.

27

28  ////

4

1    Thus, pursuant to these allegations, plaintiff again asserts First and Eighth Amendment claims

2    against the same seven named correctional officers.

3         B.  Legal Standards

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555 (citations and internal

quotations marks omitted)).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

(1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

      C.  Analysis

      The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

Const. amend. VIII.  Neither accident nor negligence constitutes cruel and unusual punishment, as

"[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the

conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley v. Albers, 475 U.S.

312, 319 (1986).  What is needed to show cruel and unusual punishment "varies according to the

nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing

Whitley, 475 U.S. at 320).  In general, to prevail on an Eighth Amendment claim, the plaintiff

must show, objectively, that he suffered a "sufficiently serious" deprivation.  Farmer v. Brennan,

511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also

show that each defendant, subjectively, had a culpable state of mind in allowing or causing the

plaintiff's deprivation to occur.  Farmer, 511 U.S. at 834.

      Plaintiff's general allegations that he has been "den[ied] basic sanitary conditions on

purpose," in the preparation and serving of his food, causing plaintiff to "even [get] sick," fails to

allege an objectively "sufficiently serious" deprivation, or describe any direct connection between

the challenged conditions and a specific incident of becoming ill, or implicating a specific

defendant.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

or connection between a specific defendant's actions and the claimed deprivation.  Rizzo v.

Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983,

if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633

(9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and

1   responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

2   constitutional deprivation.").

3       The same problem besets plaintiff's allegations that defendants acted with "deliberate

4   indifference to plaintiff's serious medical need and the wanton infliction of pain," by failing to

5   honor plaintiff's medical chrono.  These allegations fail to identify which defendants allegedly

6   refused to honor the chrono, when, and under what circumstances.

7       Plaintiff's First Amendment claims also not cognizable as framed.  To state a claim for

8   retaliation under the First Amendment, a plaintiff must allege that, on a specific date, an

9   individual state actor took an adverse action against plaintiff in retaliation for plaintiff engaging

10  in a constitutionally protected activity, and that the adverse action did not reasonably advance a

11  legitimate penological objective.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

12  Filing administrative grievances and initiating litigation are protected activities, and it is

13  impermissible for prison officials to retaliate against prisoners for engaging in these activities.  Id.

14  at 568.

15      Plaintiff alleges two First Amendment violations, each against all seven defendants, based

16  on the general assertions that defendants, acting in retaliation against plaintiff for filing

17  administrative grievances:  (1) continued to serve plaintiff food that was prepared and served

18  under unsanitary conditions, and (2) refused to honor plaintiff's medical chrono for a cervical

19  pillow.  As with plaintiff's Eighth Amendment allegations, his First Amendment allegations lack

20  any requisite specificity as to particular defendants, dates, and circumstances.  See, e.g., Johnson

21  v. Duffy, supra, 588 F.2d at 743.

22      The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

23  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

24  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

25  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

26  and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733

27  F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

28  overt acts which defendants engaged in that support plaintiff's claim.  Id.

7

1   IV.  <u>Leave to File Amended Complaint</u>

2          The court finds that plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

3   8(a)(2); therefore, the complaint must be dismissed.  The court will, however, grant leave to file

4   an amended complaint.

5          If plaintiff chooses to amend the complaint, he must demonstrate how the conditions

6   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>Rizzo v.</u>

7   <u>Goode</u>, supra, 423 U.S. at 371.  The complaint must allege in specific terms how each named

8   defendant is involved.  <u>Id.</u>  Vague and conclusory allegations of official participation in civil

9   rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

10         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12  complaint be complete in itself without reference to any prior pleading.  This requirement exists

13  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

14  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16  original complaint, each claim and the involvement of each defendant must be sufficiently

17  alleged.

18  V.  <u>Conclusion</u>

19         In accordance with the above, IT IS HEREBY ORDERED that:

20         1.  Plaintiff's motion for reconsideration (ECF No. 9), is granted; this court's order filed

21  August 7, 2013 (ECF No. 8), is vacated.

22         2.  Plaintiff's request for leave to proceed in forma pauperis is granted.

23         3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).

25  All fees shall be collected and paid in accordance with this court's order to the Director of the

26  California Department of Corrections and Rehabilitation filed concurrently herewith.

27         4.  Plaintiff's complaint is dismissed.

28  ////

1      5.  Within thirty days from the date of this order, plaintiff may complete the attached

2   Notice of Amendment and submit the following documents to the court:

3              a.  The completed Notice of Amendment; and

4              b.  An original and one copy of the Amended Complaint.

5   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

6   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

7   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

8      6.  Failure of plaintiff to file an amended complaint in accordance with this order may

9   result in a recommendation that this action be dismissed.

10  Dated:  October 22, 2013

11

12                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
13

14  /morr1171.3strks.recon.14new.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEON E. MORRIS,                         No.  2:13-cv-1171 TLN KJN P

12              Plaintiff,

13        v.

14   GUFFEE, et al,                          NOTICE OF AMENDMENT

15              Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19

20              _____           Amended Complaint

21

22

23   _____    _____
     Date                                Plaintiff

24

25

26

27

28

                              1