UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>                 Plaintiff,<br><br>     v.<br><br>GUFFEE, et al.,<br><br>                 Defendant. | No. 2:13-cv-1171 TLN KJN P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant 42 U.S.C. § 1983. On October 22, 2013, this court granted plaintiff's application to proceed in forma pauperis,[1] and dismissed plaintiff's original complaint with leave to file an amended complaint. (See ECF No. 10.) The court now screens plaintiff's Amended Complaint, pursuant to 28 U.S.C. § 1915A(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

---

[1] Although the undersigned initially found plaintiff a "three strikes litigant" under 28 U.S.C. § 1915(g), the court vacated that finding in deference to a contrary judicial finding in another of plaintiff's cases. (See ECF No. 10 and cases cited therein.)

1

pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is frivolous when based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint fails to state a claim when it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Plaintiff's Amended Complaint identifies the same two claims asserted in his initial complaint.[2] First, plaintiff again alleges that prison kitchen staff fail to maintain sanitary food conditions, by failing to wear hair nets, allowing their hair and sweat to fall into the food, and by letting flies and gnats land on the food. Plaintiff alleges a violation of his First and Eighth Amendment rights by the following seven correctional "guards," in their capacity as food servers: defendants Brewer and Hernandez, who serve on Saturdays and Sundays; defendants Guffee and Low, who serve on Mondays and Tuesdays; and defendants Brown, Crawford and Cruz, who serve on Wednesdays, Thursdays and Fridays. Plaintiff alleges that, when he complains, these defendants laugh at him and retaliate by throwing plaintiff's food on the floor, refusing to escort plaintiff to the yard, and telling plaintiff to "stop filing 602s." (ECF No. 13 at 5.) Plaintiff alleges that he's "even gotten sick and had to see the doctor, who told me something I'd eaten made me sick and prescribed me to take prilosec." (Id.)

Second, plaintiff again alleges that the same seven defendants failed to honor a medical chrono authorizing plaintiff to have a pillow, to treat his cervical spondylosis. Plaintiff alleges

---

[2] It appears, however, that a page is missing from the Amended Complaint (between current pages 4 and 5). The undersigned finds that this apparent omission does not materially alter the court's analysis.

1  that, "[o]n September 6, 2011, nurse Joyce gave Bldg. four [] guards Guffee, Low, Cruz, Brewer,
2  Brown Crawford and Hernandez, who were sitting in their office around 9 am, a medical chrono
3  that stated, the guards provide plaintiff with a pillow.  The pillow is necessary to keep plaintiff's
4  head and neck aligned properly, to lessen the pain when lying down and slow the worsening of
5  the condition."  (ECF No. 13 at 6.)  Plaintiff further alleges: "In retaliation for the filing of 602's
6  (staff complaints) writing Capt. Carter and the [A]ss. Warden about them[,] [t]hey refused to give
7  me a pillow nor a copy of the chrono, like they were suppose[d] to do.  They never told me about
8  the medical chrono nor the pillow . . . . The condition has worsened a lot, so much, that I now
9  have to have a special pillow, called a cervical pillow."  (Id. at 6-7.)  Pursuant to these allegations,
10 plaintiff again asserts First and Eighth Amendment claims against the same seven named
11 correctional officers: "I wasn't given something that other pt.[patient]/prisoners got, was told
12 stop writing 602s . . . . for them to withhold my medical chrono along with the pillow I urgently
13 needed is clearly an example of blatant deliberate indifference to plaintiff's serious medical needs
14 and the wanton infliction of pain."  (Id. at 7.)
15       Plaintiff was informed of the requirements for stating potentially cognizable First and
16 Eighth Amendment claims, when granted leave to file an amended complaint.  The undersigned
17 finds that the same problems persist, and cannot be cured by further amendment.
18       The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  In
19 general, to prevail on an Eighth Amendment claim, the plaintiff must show, objectively, that he
20 suffered a "sufficiently serious" deprivation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994);
21 Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also show that each defendant,
22 subjectively, had a culpable state of mind in allowing or causing the plaintiff's deprivation to
23 occur.  Farmer, 511 U.S. at 834.
24       Plaintiff's allegation that he is being denied sanitary food, which may have caused him to
25 become ill one time, fails to allege an objectively "sufficiently serious" deprivation.  Moreover,
26 plaintiff dilutes this claim by naming every kitchen worker; he thereby fails to describe any direct
27 connection between the challenged conditions and a specific incident, involving a specific
28 defendant, and a specific injury.  There can be no liability under 42 U.S.C. § 1983 unless there is

1  some affirmative link or connection between a specific defendant's actions and the claimed
2  constitutional deprivation.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); see also Leer v. Murphy,
3  844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus
4  on the duties and responsibilities of each individual defendant whose acts or omissions are
5  alleged to have caused a constitutional deprivation."); Johnson v. Duffy, 588 F.2d 740, 743 (9th
6  Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the
7  meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits
8  to perform an act which he is legally required to do that causes the deprivation of which
9  complaint is made.").

10  The same problem besets plaintiff's allegations that defendants acted with deliberate
11  indifference to plaintiff's serious medical need by failing to honor plaintiff's medical chrono or
12  even inform plaintiff of the chrono.  Not only has plaintiff's medical need now been better met,
13  with a cervical pillow, but he dilutes this claim by naming the entire group of officials who were
14  allegedly "sitting in their office around 9 a.m."  Plaintiff has again failed to assert an affirmative
15  link between the challenged conduct of a specific defendant and a cognizable constitutional
16  deprivation.  Rizzo, 423 U.S. at 371.

17  Similarly, the undersigned finds that plaintiff has failed to state a cognizable First
18  Amendment claim.  To state a claim for retaliation under the First Amendment, a plaintiff must
19  allege that, on a specific date, an individual state actor took an adverse action against plaintiff in
20  retaliation for plaintiff engaging in a constitutionally protected activity, and that the adverse
21  action did not reasonably advance a legitimate penological objective.  Rhodes v. Robinson, 408
22  F.3d 559, 567-68 (9th Cir. 2005).  While filing an administrative grievance is a protected activity,
23  id. at 568, plaintiff's claims lack the requisite specificity as to dates, a particular grievance, and
24  the alleged retaliatory conduct of a specific defendant.  See Johnson, supra, 588 F.2d at 743.

25  For these reasons, the undersigned finds the allegations in plaintiff's Amended Complaint,
26  like those in his original complaint, to be too vague and conclusory to be actionable.  Moreover,
27  the undersigned finds that further amendment cannot cure these defects.  "A district court may
28  deny leave to amend when amendment would be futile."  Hartmann v.CDCR, 707 F.3d 1114,

1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, the undersigned recommends that plaintiff's complaint be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The Amended Complaint be dismissed, without leave to amend, for failure to state a claim; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 9, 2014

morr1171.dsms.AC

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE