UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:13-cv-1171 TLN KJN P |
| Plaintiff, | |
| v. | |
| GUFFEE, et al., | ORDER |
| Defendant. | |

Plaintiff has filed objections to the undersigned's findings and recommendations filed June 10, 2014, which recommended dismissal of plaintiff's First Amended Complaint (FAC), without leave to amend, for failure to state a cognizable claim. The court made this recommendation after reviewing plaintiff's original complaint (ECF No. 1), informing plaintiff of the deficiencies in that complaint (ECF No. 11), granting plaintiff leave to file an amended complaint, and then reviewing plaintiff's FAC (ECF No. 13). Plaintiff now informs the court that his mental impairments and psychotropic medications "make it twice as hard" to articulate his claims, and that he seeks assistance from others within the prison when available. Plaintiff requests a further opportunity to state his claims, and explains that his complaint "can be fixed if given the opportunity to do so and the court explain a little clear to plaintiff what to do." (ECF No. 15 at 6.)

////

"Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (quoting Lopez v. Smith, 203 F.3d 1122, 1130, 1131 (9th Cir.2000) (en banc) (internal citation omitted)), cert. denied, 541 U.S. 1063 (2004). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

Applying these standards, and erring on the side of caution, the court will permit plaintiff one more opportunity to state potentially cognizable claims in a Second Amended Complaint (SAC). In addition to the direction provided by the court's previous orders (see ECF Nos. 10, 14 (copies attached herewith)), plaintiff is cautioned that he must be more specific. Plaintiff must clarify the specific challenged act, or failure to act, of each named defendant and how each challenged act or failure to act allegedly violated plaintiff's constitutional rights. Naming all individuals in a given group, without identifying their specific challenged conduct, is inadequate. Plaintiff must distinguish among the defendants, and explain how the specific conduct of each defendant allegedly violated plaintiff's rights. Plaintiff must also explain exactly when and how he was harmed by each defendant's challenged conduct. It may be helpful to provide a chronological list or description of the challenged events, which identifies all pertinent dates, clarifies the challenged involvement of each defendant, and explains specifically how plaintiff was harmed.

In addition to the guidance provided by the court in previous orders (attached herewith), plaintiff is again informed that, to state an Eighth Amendment claim, plaintiff must plausibly allege that each defendant acted, or failed to act, with a culpable state of mind. The subjective requirement for sustaining a deliberate indifference claim is met by plausible allegations that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Mere negligence is insufficient for liability. An official's failure to alleviate a

significant risk that he should have perceived but did not . . . cannot . . . be condemned as the infliction of punishment.  Instead, the official's conduct must have been wanton, which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citations and internal quotations omitted).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Whether a defendant had knowledge of a substantial risk of harm is a question of fact. "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.  The inference of knowledge from an obvious risk has been described by the Supreme Court as a rebuttable presumption, and thus prison officials bear the burden of proving ignorance of an obvious risk . . . . [D]efendants cannot escape liability by virtue of their having turned a blind eye to facts or inferences strongly suspected to be true . . . ." Coleman v. Wilson, 912 F. Supp. 1282, 1316 (E.D. Cal. 1995) (citing Farmer, 511 U.S. at 842-43) (internal quotation marks omitted).

When the risk is not obvious, the requisite knowledge may still be inferred by evidence showing that the defendant refused to verify underlying facts or declined to confirm inferences that he strongly suspected to be true. Farmer, 511 U.S. at 842.  On the other hand, prison officials may avoid liability by demonstrating "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844.  Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. Id. at 844-45; see also Wilson v. Seiter, 501 U.S. 294, 298 (1991); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).

To state a First Amendment retaliation claim, plaintiff must plausibly allege facts supporting the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

3

such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  At the pleading stage, the "chilling" requirement is met if the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'" Id. at 568, quoting Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999).  However, direct and tangible harm will support a First Amendment retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights.  Rhodes, at 568 n.11.  "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes, 408 F.3d at 568 n.11.

The alleged retaliatory action, in itself, need not constitute the violation of a constitutional right.  Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531 (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim).  Rather, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive.  However, not every allegedly adverse action will support a retaliation claim.  See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

Filing administrative grievances and initiating litigation are protected activities, and it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567-68.

////

////

////

Accordingly, pursuant to these standards, and for good cause shown, IT IS HEREBY ORDERED that:

1. The court's findings and recommendations filed June 10, 2014 (ECF No. 14), are vacated.

2. Plaintiff's First Amended Complaint (ECF No. 13), is dismissed with leave to amend.

3. Within thirty days from the filing date of this order, plaintiff may complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of plaintiff's Second Amended Complaint (SAC). The SAC must bear the docket number assigned to this case and be labeled "Second Amended Complaint."

4. Failure of plaintiff to timely file a SAC in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of Court is directed to send plaintiff, with this order, the following: (1) a blank civil rights complaint used by prisoners in this district; and (2) one copy each of the court's orders filed in this action on October 22, 2013 (ECF No. 10), and June 10, 2014 (ECF No. 14).

SO ORDERED.

Dated: July 21, 2014

/morr1171.vac.f&r

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GUFFEE, et al,<br><br>　　　　Defendants. | No. 2:13-cv-1171 TLN KJN P<br><br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.


　　　_____　　　　　　　　Second Amended Complaint



_____　　_____
Date　　　　　　　　　　　　　　Plaintiff