UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:13-cv-1171 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| GUFFEE, et al., | |
| Defendants. | |

Plaintiff has filed a motion for a six month extension of time in which to file an opposition to defendants Low, Brewer, Brown, Hernandez, and Cruz's February 10, 2015 motion to dismiss his second amended complaint. (ECF No. 25.) Plaintiff cites the following factors in support of his motion:

- The length and complexity of the motion to dismiss, and corresponding need for legal research.
- Chronic issues with his physical and mental health, and the side effects of his prescribed medication.

(ECF No. 31.) The court notes that, two weeks after plaintiff filed his request for an extension of time, defendant Guffee filed a motion to dismiss plaintiff's second amended complaint. (ECF No. 33.) The court infers that plaintiff will also be unable to timely file an opposition to defendant Guffee's motion to dismiss for the same reasons that he is unable to timely oppose the

1  earlier-filed motion to dismiss.

2  While the court finds that good cause appears to grant plaintiff an extension of time, the
3  length of time that plaintiff seeks is excessive. Accordingly, the court will grant plaintiff a two-
4  and-a-half month extension of time in which to file oppositions to both of the pending motions to
5  dismiss. Plaintiff is cautioned that no further extensions of time will be forthcoming.

6  Plaintiff has also requested that the court appoint counsel. District courts lack authority
7  to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States
8  Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an
9  attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer,
10 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.
11 1990). When determining whether "exceptional circumstances" exist, the court must consider
12 plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his
13 claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d
14 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).
15 The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances
16 common to most prisoners, such as lack of legal education and limited law library access, do not
17 establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

18 In addition to such circumstances, plaintiff states that he suffers from chronic physical and
19 mental health issues, and asserts that the side effects of his medication are debilitating. The court
20 notes, however, that plaintiff is currently litigating at least three other cases in this judicial
21 district: Morris v Virga, No. 2:10-cv-2069 GEB DAD, Morris v. Bradford, No. 2:11-cv-1171
22 KJM DAD, and Morris v. Jennings, No. 2:13-cv-1134 MCE AC. Plaintiff has asserted similar
23 factors in requesting appointment of counsel in these prior cases. For example, in Morris v.
24 Virga, plaintiff filed a motion for appointment of counsel on May 23, 2013. This motion was
25 denied a week later. Nevertheless, plaintiff was able to subsequently file both Morris v. Jennings
26 and the instant action, and has continued to litigate all four cases. In other words, plaintiff has
27 demonstrated his ability to articulate and prosecute his claims pro se; accordingly, his health
28 issues do appear to be so significant as to constitute exceptional circumstances.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 31) is granted.

2. Plaintiff is granted up to and including May 31, 2015, in which to file an opposition to defendants Low, Brewer, Brown, Hernandez and Cruz's motion to dismiss. Defendants Low, Brewer, Brown, Hernandez and Cruz's reply, if any, shall be filed within seven days thereafter.

3. Plaintiff is granted up to and including May 31, 2015, in which to file an opposition to defendant Guffee's motion to dismiss. Defendant Guffee's reply, if any, shall be filed within seven days thereafter.

4. No further extensions of time will be granted.

5. Plaintiff's motion for the appointment of counsel (ECF No. 32) is denied without prejudice.

Dated: March 13, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/morr1171.36+31kjn

3