UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:13-cv-1171 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| GUFFEE et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se with this civil rights action brought pursuant to 42 U.S.C. § 1983.

      On March 16, 2015, Magistrate Judge Kendall J. Newman granted plaintiff a two-and-a-half-month extension of time up to and including May 31, 2015, to file written oppositions to the defendants' pending motions to dismiss in this case. Magistrate Judge Newman cautioned plaintiff that no further extensions would be granted for that purpose. On March 17, 2015, District Judge Troy L. Nunley issued a related case order and reassigned this case to himself and the undersigned for all further proceedings. To date, plaintiff has not filed an opposition to either pending motion to dismiss in accordance with Magistrate Judge Newman's prior order.

      Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On November 5, 2014, plaintiff was advised of the requirements

for filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed November 5, 2014, plaintiff was advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed. In the interest of justice, the court will grant plaintiff a final fourteen days to file his oppositions to the pending motions to dismiss. Plaintiff is advised that his failure to comply with this order will result in a recommendation that this action be dismissed due to his failure to prosecute the action and to comply with the court's orders.

Also pending before the court is plaintiff's motion for appointment of counsel. As the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of service this order, plaintiff shall file an opposition to both pending motions to dismiss in this case. Failure to file the oppositions will be deemed as statements of non-opposition and shall result in a recommendation that this action be dismissed

pursuant Federal Rule of Civil Procedure 41(b).  Alternatively, if plaintiff no longer wishes to pursue this action he may file a request to voluntarily dismiss this case; and

    2.  Plaintiff's motion for appointment of counsel (Doc. No. 41) is denied.

Dated:  June 11, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr1171.46

3