UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:13-cv-1171 TLN DAD P |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| GUFFEE et all., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.  For the reasons discussed herein, the court will recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

On February 10, 2015, counsel on behalf of defendants Low, Brewer, Brown, Hernandez, and Cruz filed a motion to dismiss plaintiff's second amended complaint as frivolous or, alternatively, for failure to state a cognizable claim for relief.  (Doc. No. 25)  On March 11, 2015, counsel on behalf of defendant Guffee also filed a motion to dismiss plaintiff's second amended complaint as frivolous or, alternatively, for failure to state a cognizable claim for relief.  (Doc. No. 33)

On March 16, 2015, Magistrate Judge Kendall J. Newman granted plaintiff a two-and-a-half-month extension of time up to and including May 31, 2015, to file written oppositions to the

1

two pending motions to dismiss in this case.  (Doc. No. 35)  Magistrate Judge Newman cautioned plaintiff that no further extensions would be granted for that purpose.  (Id.)

On March 17, 2015, District Judge Troy L. Nunley issued a related case order and reassigned this case to himself and the undersigned for all further proceedings.  (Doc. No. 36)  On June 12, 2015, the undersigned observed that plaintiff had not filed an opposition to either pending motion to dismiss in this case in accordance with Magistrate Judge Newman's prior order and issued an order requiring plaintiff to file his oppositions within fourteen days.  (Doc. No. 43)  The court warned plaintiff that failure to file his oppositions would be deemed as statements of non-opposition and would result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

Thereafter, plaintiff filed an "answer" to defendant Guffee's motion to dismiss stating that he never received the defendant's motion. (Doc. No.  44)  In the interest of justice, on July 8, 2014, the court provided plaintiff with a courtesy copy of defendant Guffee's motion to dismiss and granted plaintiff a final fourteen days to file an opposition to defendant Guffee's motion.  (Doc. No. 49)  The court once again warned plaintiff again that failure to file an opposition would be deemed a statement of non-opposition and would result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

The time for plaintiff to file his oppositions to defendants' motions to dismiss has now expired, and plaintiff still has not filed an opposition to defendants Low, Brewer, Brown, Hernandez, and Cruz's motion to dismiss or defendant Guffee's motion to dismiss.

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint.  The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors:

/////

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This case has been pending before the court since June 11, 2013, and defendants have some time ago filed their motions to dismiss. Plaintiff's repeated failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no intention to diligently pursue. Notably, the court has repeatedly warned plaintiff that it would not grant him further extensions of time to file his oppositions to defendants' motions to dismiss and that any failure on plaintiff's part to file his oppositions would result in a recommendation that this action be dismissed. Inexplicably, plaintiff has failed to file any opposition to defendants' pending motions to dismiss. Under these circumstances, there is no suitable less drastic alternative to dismissal of this case. In short, plaintiff's refusal to follow the court's orders has left the court stymied and made it impossible for this civil action to be adjudicated by the court. Therefore, due to plaintiff's conduct, the undersigned is left with no choice but to recommend dismissal of this action.

The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal. Plaintiff's failure to oppose defendants' motions to dismiss prevents the defendants from addressing plaintiff's claims and unnecessarily delays resolution of this action thereby forcing defendants to incur additional time and expense. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure …. The law presumes injury from unreasonable delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976)).

/////

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action. However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr1171.57ftp

4